UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY YOST; and KARIESHA ARNOLD<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:13-cv-00745-AWI-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 5, 6) |

## INTRODUCTION

This is a mortgage dispute brought by Plaintiffs Jeffrey Yost and Kariesha Arnold (collectively, "Plaintiffs"). The case was removed from the Fresno County Superior Court. Defendants Nationstar Mortgage LLC (Nationstar) and Government National Mortgage Association (Ginnie Mae) (collectively, "Defendants") have filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also request judicial notice of their exhibits in support of their motion to dismiss pursuant to Federal Rules of Evidence 201. Defendants' request for judicial notice is GRANTED. For the reasons that follow, the motion to dismiss is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

The Court takes the following allegations from the complaint as true for the purposes of this motion to dismiss. The Court also takes as true facts contained in the exhibits of which the Court has taken judicial notice.

In October of 2008, Plaintiffs entered into a loan agreement with CTX Mortgage Company, LLC ("CTX") in the amount of $257,860.00 for the purchase of real property, which is the subject of this lawsuit. Compl. ¶ 11; Ex. 1. In April of 2013, an Assignment of Deed of Trust was executed,

transferring the beneficial interest from CTX to Defendant Nationstar. Ex. 2. During the same month, a Substitution of Trustee was executed. Ex. 3. Nationstar substituted The Wolf Firm as trustee under the Deed of Trust. Id. Plaintiffs allege that since 2008, they fell behind on their loan repayments. Compl. 13. At sometime after June 2012, Plaintiffs sought assistance with their loan from Nationstar but have been repeatedly declined. Id. Plaintiffs also allege they have repeatedly applied for HAMP loan modification but have been denied without explanation. Id. ¶ 14.

Plaintiffs initiated this action against Nationstar, Ginnie Mae and unnamed Defendants ("DOES 1-10") for monetary damages and equitable relief, alleging eleven causes of action: (1) no party in interest; (2) fraud; (3) demand for accounting; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) promissory fraud; (7) violation of Cal. Civ. Code § 2923.5; (8) breach of the implied covenant of good faith and fair dealing; (9) negligence; (10) violation of Bus. & Prof. Code § 17200; and (11) negligent infliction of emotional distress. Doc. 1.

On May 24, 2013, Defendants filed a motion to dismiss and a motion for judicial notice of exhibits. Docs. 5, 6.

On June 7, 2013, Plaintiffs filed an opposition. Doc. 7.

On June 17, 2013, Defendants filed a reply. Doc. 8.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true even if doubtful in fact." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. at 663.

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint, matters not subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In alleging fraud or mistake, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted). In addition, "'[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).

## DISCUSSION

**1. Judicial Notice**

Defendants move for judicial notice of their exhibits in support of their motion to dismiss pursuant to Federal Rules of Evidence 201, and request that the Court take judicial notice of the following documents: (1) Deed of Trust recorded in the Official Records of Fresno County on October 31, 2008, as instrument number 2008-0154105; (2) Corporate Assignment of Deed of Trust recorded in the Official Records of Fresno County on April 16, 2013, as instrument number 2013-0055222; (3) Substitution of Trustee recorded in the Official Records of Fresno County on April 16, 2013, as instrument number 2013-0055223.

Federal Rules of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As to the documents recorded in the Official Records of Fresno County, the court takes judicial notice of them as they are matters of public record. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (A court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal.1992) (taking judicial notice of documents in a county public record, including deeds of trust). Accordingly, defendants' request for judicial notice is GRANTED.

**2. Complaint is insufficiently pled because of the pleading deficiencies.**

    **A. Neither Rule 8 nor Rule 9 allows lumping together multiple Defendants.**

As an initial matter, Plaintiffs' complaint is subject to global attack for failure to satisfy Federal Rules of Civil Procedure 8 and 9. Plaintiffs' allegations are insufficient in that they are ascribed to Defendants collectively. See Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006).

A plaintiff suing multiple defendants "must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (emphasis added). "Specific identification of the parties to the activities alleged by the plaintiffs is required to enable a defendant to plead intelligently." Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (D. Wis. 1975). When a complaint involves claims of fraud, allegations must meet not only the requirement of Rule 8, but also the particularity requirements of Rule 9. See United States v. Corinthian Colleges, 655 F.3d 984, 992 (9th Cir. 2011). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant, and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Id. at 997.

Under the pleading standard of either Rule 8 or Rule 9, Plaintiffs must distinguish Defendants' particular roles in the alleged causes of action. Plaintiffs need to provide facts showing how each and every Defendant is involved and enable Defendants to know what misconduct or fraudulent

representations they are charged with. Because Plaintiffs merely lump Nationstar, Ginnie Mae and DOES 1-10 together, Defendants' motion to dismiss is GRANTED. Plaintiffs will have leave to amend to satisfy the pleading requirements.

**B. Ginnie Mae is immune from certain types of suits, so Plaintiffs must plead accordingly.**

The Government National Mortgage Association (Ginnie Mae) is a government agency within the Department of Housing and Urban Development. See 12 U.S.C.A. § 1717(a)(2)(A). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988). 12 U.S.C.A. § 1723a(a) gives Ginnie Mae the power "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal, but no attachment, injunction, or other similar process, mesne or final, shall be issued against the property of the Association or against the Association with respect to its property . . . ." Accordingly, Plaintiffs cannot seek injunctive relief against Ginnie Mae. But Plaintiffs may allege other forms of relief, such as money damages.

The complaint's state law claims against Ginnie Mae are DISMISSED WITH LEAVE TO AMEND.

**3. No Party in Interest (Claim 1)**

Plaintiffs' first cause of action alleges neither Nationstar nor Ginnie Mae has the right to foreclose the property because neither party has any beneficial interest in the Deed of Trust or the promissory note. Compl. ¶¶ 18, 20, 21.

As discussed earlier, the Court takes judicial notice of the undisputed facts contained in the Deed of Trust (Ex. 1), the Corporate Assignment of Deed of Trust (Ex. 2) and the Substitution of Trustee (Ex. 3). Accordingly to these documents, MERS is named the beneficiary in the deed of trust. MERS then assigned its beneficial interest to Nationstar. Hence, Nationstar currently holds the beneficial interest in the Deed of Trust. Nationstar has also substituted The Wolf Firm as the trustee. Plaintiffs' "No Party in Interest" claim is ungrounded.

Plaintiffs also allege the promissory note was never actually securitized and neither Defendant is the note holder in due course, therefore, neither Defendant has the power to initiate foreclosure. Opp'n. 6.

Securitization does not change the relationship between the parties. California has rejected the notion that parties lose their interest in a loan when it is securitized or sold and assigned into a pool of trust. Lomely v. JP Morgan Chase Bank, Nat. Ass'n, 2012 WL 4123403, at *3 (N.D. Cal. Sept. 17, 2012). Further, possession of the note is not a precondition to non-judicial foreclosure under a deed of trust. Mullins v. Wells Fargo Bank, N.A., 2013 WL 2318879, at *11 (E.D. Cal. May 28, 2013); Alvarado v. Bank of Am., N.A., 2013 WL 28584, at *10 (E.D. Cal. Jan. 2, 2013). When the trustor (borrower) defaults on the debt secured by the deed of trust, the beneficiary may declare a default and make a demand on the trustee to commence foreclosure. Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (2008). In this case, Nationstar has the power to foreclose. Whether Nationstar can produce the original note has no bearing on whether its foreclosure on the property is proper.

Accordingly, Plaintiffs' "No Party in Interest" claim is ungrounded. The Court GRANTS Defendants' motion to dismiss regarding this claim, and it is DISMISSED WITHOUT LEAVE TO AMEND.

**4. Fraud, Intentional Misrepresentation, Promissory Fraud (Claims 2, 4 and 6)**

Plaintiffs assert several fraud-based causes of action: fraud, intentional misrepresentation and promissory fraud. Specifically, Plaintiffs allege Defendants had promised Plaintiffs a loan modification but later refused to provide it. Compl. ¶ 47.

Defendants argue these claims are subject to dismissal because: (1) they do not satisfy the heightened pleading standard of Rule 9(b), Mot. 8, 11; (2) these claims fail to allege the actual misrepresentation and damages, and are barred by the Economic Loss Doctrine, Mot. 9; Reply 3; and (3) neither Defendant is a party to the loan origination. Mot. 11.

In the opposition, Plaintiffs argue the alleged misrepresentation is evidenced by a quote from the Deed of Trust and it is reinforced by Defendants' participation in HAMP. Plaintiffs claim that once they meet HAMP's criteria, their loan should have been modified. Opp'n 7, 8. Plaintiffs further argue the more relaxed requirement of specificity should apply to their pleadings because Defendants have better knowledge of any fraud. Id.

**A. Plaintiffs' fraud-based claims fail to meet the heightened pleading standard.**

In California, the elements of fraud are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Federal Rules of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b)'s heightened pleading standard, "a party must state with particularity the circumstances constituting the fraud." Vess, 317 F.3d at 1106. A plaintiff must include the "who, what, when, where and how" of the fraud. Id. In a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991). Moreover, "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.' " Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007).

A party alleging intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Kimball v. Flagstar Bank F.S.B., 881 F. Supp. 2d 1209, 1216 (S.D. Cal. 2012).

Promissory fraud is a subspecies of fraud and deceit… "where a promise is made without an intention to perform, there is an implied misrepresentation of fact that may be actionable fraud." Lazar, 12 Cal. 4th at 638. To plead promissory fraud, a plaintiff must plead the same elements as he would if asserting a general fraud claim. Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1271 (C.D. Cal. 2010); Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997).

Plaintiffs' fraud, intentional misrepresentation and promissory fraud claims are defective because they are not stated with the requisite particularity. Plaintiffs merely allege that Defendants misrepresented to Plaintiffs that they could modify their loan. To substantiate these claims, Plaintiffs quote a line from the Deed of Trust: "[t]his Security Instrument secures to Lender … (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note …" Ex. 1. The Court does not see how this language indicates a promise made by Defendants. This sentence provides that *if* a plaintiff receives a loan modification, the right to receive payment from the modification would

7

belong to the lender. Accordingly, the complaint does not sufficiently show what Defendants allegedly misrepresented. It fails to establish the first element of fraud, much less to meet the "who, what, when, where and how" heightened pleading requirement.

Plaintiffs allege their claims are subject to the more relaxed specificity requirement. Plaintiffs are incorrect. The Court acknowledges that in a limited class of cases, the Ninth Circuit has allowed Rule 9(b) to be relaxed with respect to matters within the sole possession and control of the opposing party. See Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993) (upholding dismissal of fraud claims for failure to meet Rule 9(b) but holding that "some limited discovery might be permitted" in an insider trading case). The Neubronner court notes, however, this exception does not nullify Rule 9(b). Id. at 672. "Mere conclusory allegations of fraud are insufficient. Statements of time, place, and nature of the fraudulent activities are required, so that defend can prepare an adequate answer to the allegations." Wool v. Tandem Computers Inc., 818 F.2d 1433, 1439 (9th Cir.1987) (overruled on other grounds). Because Plaintiffs have not alleged any actionable false representation, Defendants have no more reason to know when and how the alleged misrepresentations were made. The complaint does not meet Rule 9's pleading standard, and Plaintiffs will have LEAVE TO AMEND the fraud claims.

### B.  HAMP does not create a private right of action.

Plaintiffs also claim that the alleged misrepresentation is reinforced by their meeting of the HAMP criteria. This argument is without merit because servicers are only required to consider loans eligible under the program, but not required to modify mortgages. See Cleveland v. Aurora Loan Servs., LLC, 2011 WL 2020565, at *3 (N.D. Cal. May 24, 2011); Hoffman v. Bank of America, N.A., 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (holding that because lenders are not required to make loan modifications for borrowers that qualify under HAMP, there is no private right to enforce HAMP); Williams v. Timothy F. Geithner, 2009 WL 3757380, at *6 (D. Minn. Nov. 9, 2009) (Congress did not intend for HAMP to mandate loan modifications). Even if Plaintiffs meet the HAMP criteria, Defendants were not obliged to grant a loan modification. This Court finds that HAMP affords Plaintiffs no private right of action and Plaintiffs' qualification under HAMP has no bearing on the alleged misrepresentation. Any claims brought under HAMP are DISMISSED WITHOUT LEAVE TO AMEND.

**C. The Economic Loss Doctrine does not preclude fraud claims.**

Defendants contend that Plaintiffs' fraud-based claims are barred by the Economic Loss Rule, that is, Plaintiffs may seek remedies for a tort claim only for physical injury, not for pure economic harm. However, Defendants cite several "negligence" cases to support their argument. Defendants' reliance on those cases is misplaced.

Under California law, the Economic Loss Doctrine does not preclude a fraud claim in the context of a contractual relationship. See Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 875, 880 (9th Cir. 2007) (distinguishing fraud in inducement from fraud claims that duplicate contract claims); see also Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc., 315 F. App'x 603, 607 (9th Cir. 2008) (economic loss is recoverable for claims of fraud). The California court of appeal has also addressed this issue in Khan, where the recipient of a defective heart valve alleged that the manufacturer's misrepresentations about the quality and durability of the heart valve *induced* her to purchase the product. Khan v. Shiley Inc., 217 Cal. App. 3d 848, 856 (Ct. App. 1990) (emphasis added). The court distinguished other tort claims and explained that, "Unlike the other theories … the fraud claim impugns defendants' conduct." Id. at 848. The Kahn court suggested "that a manufacturer of a product may be liable for fraud when it" misleads potential users about material product information. Id. Thus, the viability of a fraud claim rests on the defendant's conduct and not on the type of damage or on the existence of an underlying contract. See id. Accordingly, fraud allows the recovery of purely economic loss because the presence or absence of physical injury makes no difference. See also Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995) (stating that the general rule in California is that a defrauded party is ordinarily entitled to "out-of-pocket" loss); Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004) (economic loss rule does not bar its fraud and intentional misrepresentation claims).

Here, if Plaintiffs could show that Defendants' misrepresentations constitute fraud in inducement rather than a mere failure to perform contractual obligations, Plaintiffs are entitled to recovery, regardless of whether their harm is purely monetary. Thus, Plaintiffs may amend the complaint if they wish to do so.

**D. Liability of a non-party to the loan origination**

Defendants also contend they cannot be held liable for the alleged misrepresentation because they are not parties to the loan origination. First, the complaint is unclear about whether any misrepresentations at issue concern the original loan creation in 2008. Any amended complaint must sufficiently link Defendants in this action to the alleged fraud. Second, there are situations in which a non-party to the loan origination may be held liable for fraud, but the complaint's allegations are inadequate to impose liability on Defendants.

In California, "liability may be imposed on one who aids and abets the commission of an intentional tort if the person knows the other's conduct constitutes a breach of a duty and gives substantial assistance or encouragement to the other to so act." Jordan v. Paul Fin., LLC, 644 F. Supp. 2d 1156, 1174 (N.D. Cal. 2009). A trustee can be liable as an aider and abettor if, for example, it learns of a loan originator's fraudulent practices, but nonetheless satisfies all of the loan originator's financing needs. See id. In the instant case, CTX is the loan originator. Nationstar currently holds the beneficial interest in the deed of trust. Ginnie Mae is the alleged investor. Plaintiffs have not alleged any evidence to show that either Nationstar or Ginnie Mae were involved in the loan origination, much less the substantial assistance that is necessary to sustain aider and abettor liability.

For the foregoing reasons, Defendant's motion to dismiss the second, fourth and sixth causes of action is GRANTED. These claims are DISMISSED WITH LEAVE TO AMEND.

**5. Negligent Misrepresentation (Claim 5)**

Plaintiffs' fifth cause of action alleges negligent misrepresentation. Plaintiffs claim that Defendant negligently made a false representation (Compl. ¶ 55), Defendant misrepresented to Plaintiffs that they could modify their loan in the future (Compl. ¶ 56), Defendant had no reasonable grounds for believing this representation was true when made (Compl. ¶ 57) and Plaintiffs were harmed (Compl. ¶ 58).

Similar to the other fraud-based claims, Defendants contend: (1) this claim fail to meet the heightened pleading standard under Rule 9(b), Mot. 11; (2) Plaintiffs have not alleged the actual misrepresentation, Id; and (3) neither Defendant is a party to the loan origination. Id. Plaintiffs oppose these arguments in a similar way as they oppose the other fraud-based claims. Plaintiffs claim that the alleged misrepresentation is evidenced by the deed of trust and reinforced by Defendants' participation

1  in HAMP. Opp'n 7, 8. Plaintiffs also argue that the allegations should only satisfy the more relaxed
2  requirement of specificity. Id.

3        Courts are divided as to whether the heightened pleading standard of Federal Rule of Civil
4  Procedure 9(b) applies to the state law claim of negligent misrepresentation. Compare Vess, 317 F.3d
5  1097 at 1106 (reversing the dismissal of a claim for failure to satisfy Rule 9(b) because it was error to
6  apply a heightened pleading standard to allegations that the defendant "negligently failed to disclose"
7  information), and Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 418 (C.D. Cal. 2012) (with regard
8  to application of Rule 9 to negligent misrepresentation claims, "the tide of precedent is turning" …
9  Recent decisions by the Fifth, Seventh, and Ninth Circuits hold that negligent misrepresentation
10 claims are not subject to Rule 9's heightened pleading requirement), with Arroyo v. Pfizer, Inc., 2013
11 WL 415607, *7 (N.D. Cal. Jan.31, 2013) (holding that negligent misrepresentation must be pled under
12 Rule 9(b)), and Robinson v. Wachovia Mortg., 2011 WL 338502, at *3 (E.D. Cal. Jan. 31, 2011)
13 ("Negligent misrepresentation 'sounds in fraud' and thus is also subject to these heightened pleading
14 standards.").

15       The Court need not decide whether negligent misrepresentation allegations must comply with
16 the pleading standard of Rule 9(b) because the complaint's allegations fail on other grounds. First, the
17 complaint has failed to state a claim under the notice pleading standard of Rule 8. The elements of
18 negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without
19 reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact
20 misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the
21 misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).
22 In the complaint, Plaintiffs merely cite the elements of the cause of action without providing non-
23 conclusory facts that would create a reasonable inference that they are entitled to relief. See Moss v.
24 U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Threadbare recitals of the elements of a cause of
25 action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678. Further, the
26 complaint's allegations do not indicate which Defendant performed what act of negligent
27 misrepresentation. See Gauvin, 682 F. Supp. at 1071 (plaintiff failed to satisfy notice pleading
28

requirements of Rule 8 by lumping all defendants together in one allegation). Therefore, the complaint fails to meet the pleading standard of Rule 8.

Second, Plaintiffs' claim fails because it does not involve misrepresentation of a past or existing material fact, but instead alleges "promises regarding future events." See Garcia v. Ocwen Loan Servicing, LLC, 2010 WL 1881098, at *2 (N.D. Cal. May 10, 2010) (plaintiff's allegation that defendant "agreed to continue working for a loan modification that would be approved" was insufficient to support negligent misrepresentation claim because it referred only to future events). The complaint reads: Defendants misrepresented to them that they could modify their loan in the future. Compl. ¶ 56. This is precisely the type of language that the Garcia court held insufficient.

For the foregoing reasons, Plaintiffs' negligent misrepresentation claim is DISMISSED WITH LEAVE TO AMEND.

**6. Accounting (Claim 3)**

In the third cause of action, Plaintiffs request an accounting. Defendants contend Plaintiffs are not entitled to an accounting because an accounting is not a cause of action and there is no fiduciary relationship between Plaintiffs and any Defendant. Mot. 10.

"An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." 5 Witkin Cal. Proc. Plead. § 819. Under California law, a claim for accounting does not require a fiduciary relationship. Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). All that is required is that some relationship exists that requires an accounting. Id. Here, the amounts at issue are monies Plaintiffs owe to Defendants under the mortgage and not amounts Defendants may owe Plaintiffs. "Plaintiffs, as the party owing money, not the party owed money, has no right to seek an accounting." Quinteros v. Aurora Loan Servs., 740 F. Supp. 2d 1163, 1170 (E.D. Cal. 2010); Hernandez v. First Am. Loanstar Tr. Servs., 2010 WL 1445192, at *5 (S.D. Cal. Apr. 12, 2010); Nguyen v. LaSalle Bank Nat. Ass'n, 2009 WL 3297269, at *11 (C.D. Cal. Oct.13, 2009) (dismissing plaintiffs claim for accounting of amounts due on their loan).

Accordingly, Plaintiff's accounting claim is DISMISSED WITHOUT LEAVE TO AMEND.

**7. Violation of Cal. Civ. Code § 2923.5 (Claim 7)**

Plaintiffs' complaint alleges that Defendants failed to follow the requirements of § 2923.5, including contacting Plaintiffs, exploring options to avoid foreclosure and advising Plaintiffs of their right to request a meeting with Defendants, prior to recording a notice of default on the property. Compl. ¶¶ 70, 71. Defendants move to dismiss this claim, arguing that no notice of default has been filed and there has been no foreclosure. Mot. 1, 11. Defendants further argue that Plaintiffs' acknowledgement that Nationstar worked with them to assess their loan modification qualification evidences Defendants' compliance with § 2923.5. Mot. 12.

Section 2923.5 requires a mortgage servicer, mortgagee, beneficiary, or authorized agent to "contact the borrower in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" at least thirty days before filing a notice of default. Cal. Civ. Code § 2923.5(b).

The Court cannot find, nor does Plaintiffs cite, any case in which a court has found a violation of section 2923.5 when a notice of default had not been filed and the mortgage foreclosure process has not been initiated. Because Plaintiffs concede that no notice of default has been filed, their claim under § 2923.5 is not ripe. See Wienke v. Indymac Bank FSB, 2011 WL 2565370, at *5 (N.D. Cal. June 29, 2011) ("[T]he FAC does not allege that a foreclosure sale is even pending, so the request for injunctive relief [under section 2923.5] is not ripe."); cf. Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Furthermore, Plaintiffs do not contend that when they repeatedly applied for loan modifications, Nationstar ignored them and refused to assess their qualification. The complaint's allegations indicate that Plaintiffs have engaged in the loan modification process with Nationstar. Here, as in Clerk, "plaintiffs admit that they engaged in loan modification discussions ...but plaintiffs were simply unhappy with the results of those discussions." Clerk v. Telesis Cmty. Credit Union, 2013 WL 3071250, at *4 (C.D. Cal. June 18, 2013).

Accordingly, Plaintiffs' claim for violation of § 2923.5 must be DISMISSED WITHOUT LEAVE TO AMEND.

**8. Covenant of Good Faith and Fair Dealing (Claim 8)**

Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing in the loan contract. Compl. ¶ 75. Defendants contend they are not liable for the claim because they are not parties to the original loan discussions and agreements. Mot. 12. Plaintiffs oppose this argument by stating that Defendants failed to fulfill their obligations under the government loan modification programs. Opp'n 11.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000); Dooms v. Fed. Home Loan Mortg. Corp., 2011 WL 1232989, at *9 (E.D. Cal. Mar.31, 2011). "It is ... well settled '[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 525 (2013). "Without a contractual underpinning, there is no independent claim for breach of the implied covenant." Id. "Consequently, an action alleging a breach of the implied covenant cannot be used by a plaintiff to try to extend existing, or to create new, obligations that were not contemplated by the parties when the contract was executed." Id. at 528.

In support of their claim, Plaintiffs point to a single sentence in the Deed of Trust, which states: "This Security Instrument and the Secured Notes shall be governed by and construed under … the law of the jurisdiction in which the Property is located." Compl. ¶ 78; Ex. 1. The Court does not see how this sentence suggests that Plaintiffs have a contractual right to loan modification. "Absent additional facts, Plaintiffs have failed to allege nonconclusory factual content from which the court could infer the existence of a modification agreement that could provide the basis for additional duties owed by each party." Thompson v. Residential Credit Solutions, Inc., 2012 WL 260357, at *4 (E.D. Cal. Jan. 26, 2012). Alternatively, Plaintiffs may allege "special circumstances" in which a duty could arise from the loan transaction outside of the agreement. See id. But Plaintiffs have not made such

allegations. The complaint includes no facts constituting special circumstances that would suggest that the loan transaction was not at arms-length.

Accordingly, Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must be GRANTED. This claim is DISMISSED WITH LEAVE TO AMEND.

**9. Negligence (Claim 9)**

Plaintiffs allege that when Defendants undertook the task of reviewing Plaintiffs' HAMP application, Defendants assumed duties of care to Plaintiffs that went beyond the usual lender and borrower relationship. Compl. ¶¶ 94, 95. Plaintiffs allege that Defendants breached their duty by failing to give a fair review for Plaintiffs' HAMP assistance and rejecting Plaintiffs' loan application without a good reason. Plaintiffs contend that Defendants' negligence was the proximate and legal cause of the loss of Plaintiffs' home. Id. ¶¶ 96-99.

Defendants move to dismiss the claim, arguing that financial institutions acting in the scope of their conventional activities do not owe a duty of care to borrowers, and further, Plaintiffs' claim is barred by the Economic Loss Rule. Mot. 13.

"To prevail on a negligence claim, plaintiffs must show that the defendant owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of their injuries." Merrill v. Navegar, Inc., 26 Cal.4th 465, 477 (2001). "Absent a duty, the defendant's care, or lack of care, is irrelevant" and the plaintiff's negligence claim fails. Solomon v. Aurora Loan Servs. LLC, 2012 WL 2577559, at *4 (E.D. Cal. July 3, 2012). As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App.3d 1089, 1096 (1991); see also Mehta v. Wells Fargo Bank, N.A., 2010 WL 3385020, at *16 (S.D. Cal. Aug. 26, 2010) (lender-borrower relations do not normally give rise to a duty supporting a negligence cause of action). Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise "beyond the domain of the usual money lender." Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980); see also Oaks Mgmt. Corp. v. Superior

1  Court, 145 Cal.App.4th 453, 466 (2006) (holding that absent "special circumstances" a loan
2  transaction "is at arms-length and there is no fiduciary relationship between the borrower and lender").
3  According to Plaintiffs' allegations, it does not appear Defendants acted beyond the domain of
4  the usual money lender. Most courts that have considered the issue have held that a duty does not arise
5  when a lender reviews a debtor's application for a loan. See Dooms, 2011 WL 1232989, at *12;
6  Becker v. Wells Fargo Bank, N.A., Inc., 2011 WL 1103439, at *23 (E.D. Cal. Mar.22, 2011) (holding
7  that allegations about loan modification application process did not give rise to a duty); DeLeon v.
8  Wells Fargo Bank, N.A., 2010 WL 4285006, at *4 (N.D. Cal. Oct. 22, 2010) (finding that defendant
9  did not have a duty "to complete the loan modification process").
10 To the extent that Plaintiffs base their negligence claim on an alleged entitlement to a
11 modification under HAMP, Plaintiffs' claim is an improper attempt to privately enforce HAMP when
12 Congress granted no such private right of action. See Ingalsbe v. Bank of Am., N.A., 2010 WL
13 5279839, at *5 (E.D. Cal. Dec.13, 2010) ("The consensus among district courts in the Ninth Circuit is
14 that there is no private right of action under HAMP.")
15 Moreover, Plaintiffs' allegations fail to establish causation. Plaintiffs allege that Defendants'
16 negligence in processing their modification application caused them to lose their home. However,
17 Plaintiffs admit that they were in default on their loan. As discussed earlier, Defendants have never
18 promised Plaintiffs a modification. Defendants have the right to foreclose on the property. It was
19 Plaintiffs' default that caused the foreclosure and Plaintiffs' injury, not Defendants' denial of a loan
20 modification. DeLeon v. Wells Fargo Bank, N.A., 2011 WL 311376, at *7 (N.D.Cal. Jan. 28, 2011)
21 (finding that defaulted homeowners had their home foreclosed on because they fell behind on
22 payments, not because they were denied a loan modification).
23 Finally, Defendants are correct in arguing that this claim is barred by Economic Loss Rule.
24 Spencer v. DHI Mortgage Co., Ltd., 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) (Under California
25 law, the economic loss doctrine barred mortgagors' negligence claim against mortgagee); Phillips v.
26 MERS Mortgage Elec. Registration Sys., 2009 WL 3233865, at *4-5 (E.D. Cal. Oct. 2, 2009)
27 (Mortgagee's motion to dismiss is granted because the economic loss doctrine supports dismissal of
28 the negligence claim).

1  Accordingly, Plaintiffs have not stated a claim for negligence and Defendant's motion to
2 dismiss with respect to the negligence claim is GRANTED. Plaintiffs will have LEAVE TO AMEND
3 the complaint.

**10. NIED (Claim 11)**

Plaintiffs allege Defendants wrongly foreclosed their home and negligently inflicted emotional distress upon them. Compl. ¶¶ 108, 109.

First, Plaintiffs concede that there has been no foreclosure. To the extent that Plaintiffs want to claim NIED based on the facts in the complaint, this claim is subject to dismissal.

"The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply." Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal.3d 583, 588 (1989). As discussed in the previous sections, Defendants do not owe Plaintiffs a duty of care. Defendants' involvement in the loan transaction and loan modification process does not exceed the scope of their conventional role as lenders. Further, Plaintiffs have not established causation. If there has been any injury, it was caused by Plaintiffs' default, not Defendants' involvement in the loan transaction. Finally, this claim is barred by the Economic Loss Rule. Therefore, Defendants cannot be held liable for the NIED claim. Plaintiffs' NIED claim is DISMISSED WITH LEAVE TO AMEND.

**11. Violation of Bus. & Prof. Code § 17200 (Claim 10)**

Plaintiffs allege Defendant violated § 17200 by engaging in unlawful, fraudulent and unfair business practices. Compl. ¶¶ 101-103.

Section 17200 prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. California courts have repeatedly held that claims rooted in § 17200 must plead or allege that a business practice independently forbidden by law has occurred. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1143 (2003). In other words, a defendant cannot be found liable for committing "unlawful business practices" under § 17200 without having violated another law. Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. App. 4th 1050, 1060 (2005). In the instant case, since the Court has dismissed all of Plaintiffs' predicate violations, Plaintiffs cannot state a claim under the unlawful business practices prong of the UCL.

17

Plaintiffs similarly fail to state a claim under the "unfair" prong of § 17200. "The term 'unfair ... business act or practice' ... mean[s] deceptive conduct that injures consumers and competitors." Cel–Tech Commc'ns, 20 Cal. 4th at 195. Plaintiffs fail to allege facts sufficiently demonstrating that Defendants engaged in deceptive conduct that caused plaintiffs' injury. The complaint's allegations are generally conclusory in nature and insufficient as they stand.

To the extent that Plaintiffs' § 17200 claim is predicated on the "fraudulent" prong of the statute, it fails to state a claim for relief as well. Allegations of fraudulent conduct under § 17200 must satisfy the heightened pleading requirements of Rule 9(b). See Vess, 317 F.3d at 1103–05. Rule 9(b) demands that averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106. Plaintiff must set forth what is false or misleading about a statement, and why it is false. Id. Plaintiffs' § 17200 claim fails to satisfy the heightened pleading requirements of Rule 9(b) to state a cognizable claim based on the "fraudulent" prong of the statute.

The Court finds Plaintiffs' § 17200 claim uncompelling and therefore, GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss.

**ORDER**

Accordingly, the Court orders:

1. Defendants' motion to dismiss is GRANTED.
2. Plaintiffs' First (No Party in Interest), Third (Accounting) and Seventh (Violation of Cal. Civ. Code § 2923.5) causes of action are DISMISSED WITHOUT LEAVE TO AMEND.
3. All other causes of action are DISMISSED WITH LEAVE TO AMEND.
4. Plaintiffs shall file an amended complaint that is consistent with the analysis of this order within 30 days from this order's date of service.

IT IS SO ORDERED.

Dated:   September 6, 2013

_____
SENIOR  DISTRICT  JUDGE